Joseph C. DeBlasio, Esq. (Bar ID No. 18081996)
Pooja Bhutani, Esq. (Bar ID No. 169592016)
JACKSON LEWIS P.C.
766 Shrewsbury Avenue
Suite 101
Tinton Falls, New Jersey 07724
ATTORNEYS FOR CORPORATE DEFENDANTS

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VANESSA GAITANOS, : | Civil Action No. _____ |
| : | |
| Plaintiff, : | |
| : | |
| v. : | **NOTICE AND PETITION FOR** |
| : | **REMOVAL OF CASE FROM THE** |
| LANDRY'S, INC., VIC & ANTHONY'S : | **SUPERIOR COURT OF NEW JERSEY,** |
| STEAKHOUSE, GOLDEN NUGGET : | **LAW DIVISION, ATLANTIC COUNTY** |
| ATLANTIC CITY, DAVID SIEGEL, : | |
| JOHN DOE(S) 1-10., : | |
| : | |
| Defendants. : | |

TO:    Clerk, United States District Court for the District of New Jersey
       Mitchell H. Cohen Building & U.S. Courthouse
       4th & Cooper Streets
       Camden, New Jersey 08101

       David R. Castellani, Esq.
       Castellani Law Firm, LLC
       450 Tilton Road, Suite 245
       Northfield, New Jersey 08225

       Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Landry's, LLC f/k/a Landry's, Inc. (improperly named as "Landry's, Inc.," and hereinafter referred to "Landry's LLC f/k/a Landry's, Inc." or "Landry's"), C.A. Muer, LLC d/b/a Vic & Anthony's (improperly named as "Vic & Anthony's Steakhouse" and hereinafter referred to as "C.A. Muer, LLC d/b/a Vic & Anthony's" or "V&A"), and Golden Nugget Atlantic City, LLC (improperly named as "Golden Nugget Atlantic City," and hereinafter referred to as "Golden Nugget Atlantic City, LLC" or "GNAC") (all, collectively referred to hereinafter as "the Corporate Defendants"), respectfully

1

submit this Notice and Petition for Removal of this case from the Superior Court of New Jersey, Law Division, Atlantic County, bearing Docket No. ATL-L-000232-24, and state as follows as grounds for removal:

1. On or about February 8, 2024, Plaintiff Vanessa Gaitanos ("Plaintiff"), filed a civil action captioned Vanessa Gaitanos v. Landry's Inc., et al., Docket No. ATL-L-000232-24, in the Superior Court of New Jersey, Law Division, Atlantic County. A true and correct copy of the Amended Complaint in that action is attached hereto as **Exhibit A**.

2. Defendant GNAC was served with a copy of the Summons and Amended Complaint on or about February 22, 2024. These were the initial pleadings received by Defendant GNAC setting forth the claims upon which Plaintiff's action is based.

3. Defendant Landry's and V&A were served with a copy of the Summons and Amended Complaint on or about March 4, 2024. These were the initial pleadings received by Defendants Landry's and V&A setting forth the claims upon which Plaintiff's action is based.

4. There is no information on the docket suggesting that Defendant David Siegel has been served and therefore, the Corporate Defendants are not required to receive his consent to removal pursuant to 28 U.S.C. § 1446(b)(2)(C).

5. This notice and petition is timely filed within the provisions of 28 U.S.C. § 1446 as the Corporate Defendants have effected removal within thirty (30) days of receipt of the initial pleading setting forth the claims for relief upon which the complaint is based. See 28 U.S.C. § 1446.

6. No proceedings have taken place in the state court action. The Corporate Defendants have not served an answer or responsive pleading to Plaintiff's Complaint or made any appearance or argument before the Superior Court of New Jersey.

7. This action is removable to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, as it involves a controversy between citizens of different states:

    a. Plaintiff is, and has been, both upon the filing of the subject Amended Complaint on February 8, 2024, and at the time of filing of this removal petition, a resident of the State of New Jersey.

    b. Defendant Landry's, LLC f/k/a Landry's, Inc. consists of a single member, Fertitta Entertainment, LLC (NV), which consists of a single member, Landry's Gaming, LLC, which consists of a single member, Landry's Fertitta, LLC, which consists of a single member, Golden Landry's, LLC, which consists of a single member, Golden Fertitta, LLC, which consists of a single member, Fertitta Entertainment, Inc. Fertitta Entertainment, Inc. is incorporated and has a principal place of business in the State of Texas.

    c. C.A. Muer, LLC d/b/a Vic & Anthony's consists of a single member, LSRI Holdings, LLC, which consists of a single member, Landry's, LLC, which consists of a single member, Fertitta Entertainment, LLC (NV), which consists of a single member, Landry's Gaming, LLC, which consists of a single member, Landry's Fertitta, LLC, which consists of a single member, Golden Landry's, LLC, which consists of a single member, Golden Fertitta, LLC, which consists of a single member, Fertitta Entertainment, Inc. Fertitta Entertainment, Inc. is incorporated and has a principal place of business in the State of Texas.

    d. Golden Nugget Atlantic City, LLC consists of a single member GNAC Holdings, LLC, which consists of a single member Fertitta Entertainment, LLC (NV), which consists of a single member, Landry's Gaming, LLC, which consists of a single member, Landry's Fertitta, LLC, which consists of a single

member, Golden Landry's, LLC, which consists of a single member, Golden Fertitta, LLC, which consists of a single member, Fertitta Entertainment, Inc. Fertitta Entertainment, Inc. is incorporated and has a principal place of business in the State of Texas.

8.      When a defendant is a limited liability corporation, as here, "the citizenship [] is determined by its members." Zambelli Fireworks Mfg. Co, v Wood, 592 F.3d 412, 420 (3d Cir. 2010).  As set forth in paragraphs 7(b), 7(c) and 7(d), for the purpose of diversity, Landry's, LLC, C.A. Muer, LLC, and Golden Nugget Atlantic City, LLC are citizens of Texas.  See Community Preservation Corporation v. MYG Management, LLC, 2008 WL 4792531 at *1 (D.N.J. Oct. 27, 2008) (noting that a LLC's citizenship is based on the citizenship of its members at each layer).

9.      Upon information and belief, the individual Defendant David Segal (who does not appear to have been served yet), is a resident of the State of New York.

10.      Although Plaintiff has named as Defendants JOHN DOES 1-10, for purposes of removal jurisdiction, the "citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b).

11.      Because Plaintiff is a citizen of New Jersey, the corporate Defendants are citizens of Texas, and Defendant Siegel who does not appear to have been served but is believed to be a citizen of New York, there is complete diversity between the parties.

12.      As set forth in the Complaint, Plaintiff alleges the following causes of action: (1) hostile work environment on the basis of sex and/or sexual harassment in violation of the New Jersey Law Against Discrimination ("NJLAD"); (2) retaliation in violation of the NJLAD; (3) battery and assault against Defendant Siegel in violation of New Jersey common law, and; (4) individual liability against JOHN DOES 1-10.

4

13.     Specifically, Plaintiff seeks to recover damages, punitive damages, attorney's fees, costs of suit and such other relief as the court deems just and proper. (See Exhibit A).

14.     While not specifically enumerated in Plaintiff's Complaint, the entire amount in controversy appears to contemplate an amount exceeding the sum of $75,000.  However, the amount sought exceeds $75,000, exclusive of interest and costs, given the nature of his claims and alleged damages. A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operation Co. v. Owens, 135 S. Ct. 547, 554 (2014).

15.     Given the extensive relief that Plaintiff requests, the Corporate Defendants submit that the amount in controversy exceeds the jurisdictional threshold set by 28 U.S.C. § 1332.

16.     Because there is complete diversity between the parties and the amount in controversy is in excess of $75,000, this Court has original jurisdiction over Plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount in controversy requirement of 28 U.S.C. § 1332.  This action is properly removable to federal court pursuant to 28 U.S.C. §§ 1332(a) and 1441.

17.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).

18.     The Corporate Defendants file this Notice of Removal without waiving any defense to Plaintiff's claims or conceding that Plaintiff has pled claims upon which relief can be granted.

19.     Pursuant to 28 U.S.C. § 1446(d), the Corporate Defendants have given written notice of the removal of this action to all adverse parties and has filed a copy of this notice with the Clerk of the Superior Court of New Jersey, Law Division, Atlantic County.

**WHEREFORE**, the Corporate Defendants respectfully request that the within action, now pending in the Superior Court of New Jersey, Law Division, Atlantic County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS

By:   */s/ Joseph C. DeBlasio*
       Joseph C. DeBlasio
       Pooja Bhutani

Dated: March 22, 2024           ATTORNEYS FOR CORPORATE DEFENDANTS

# EXHIBIT A

**CASTELLANI LAW FIRM, LLC**
David R. Castellani, Esquire - ID #: 023691991
450 Tilton Road, Suite 245
Northfield, New Jersey 08225
(609) 641-2288
Attorneys for Plaintiff

| | |
|---|---|
| VANESSA GAITANOS,<br><br>Plaintiff(s),<br><br>v.<br><br>LANDRY'S INC., VIC & ANTHONY'S STEAKHOUSE, GOLDEN NUGGET ATLANTIC CITY, DAVID SIEGEL, JOHN DOES(S) 1-10<br><br>Defendant(s), | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - ATLANTIC COUNTY<br><br>DOCKET NO: ATL-L- 000232-24<br><br>Civil Action<br><br>**AMENDED COMPLAINT** |

Plaintiff, Vanessa Gaitanos, residing in the City of Margate, County of Atlantic, and State of New Jersey, by way of Complaint against the Defendants, says:

## FIRST COUNT

1.  The Plaintiff, Vanessa Gaitanos, was at all times mentioned herein an employee with the Defendants Landry's Inc. and Vic & Anthony's Steakhouse as a hostess, located within the hotel and casino known as Defendant Golden Nugget Atlantic City.

2.  Defendant David Siegel was and is believed to be a patron, VIP guest, and frequent client of the Defendants Landry's Inc., Vic & Anthony's Steakhouse, and Golden Nugget Atlantic City.

3.  On or around August 26, 2023, Plaintiff was working in her capacity as a hostess for the Defendants Landry's Inc. and Vic & Anthony's Steakhouse. She was then approached by Defendant David Siegel, who was to be escorted by Plaintiff to his table as a patron of Defendant Vic & Anthony's Steakhouse.

1 | P a g e

4. As Plaintiff was to take Defendant Siegel to his table, Defendant Siegel groped Plaintiff's buttocks and proceeded to lick Plaintiff's arm for no reason other than to sexually harass the Plaintiff and for his own pleasure.

5. Plaintiff became extremely offended, emotionally distressed, and felt violated as a woman, which then caused her to report Defendant Siegel's actions immediately to Assistant General Manager Sydnee Ianone. Sydnee Ianone stated that she would report this incident to General Manager Salvatore Spena.

6. Shortly after Plaintiff reported Defendant Siegel's sexual assault of Plaintiff, Salvatore Spena then approached Plaintiff and made a joke of the matter stating that Defendant Sigel was like "Hannibal Lecter."

7. No further remedial measures were taken, as Defendant Siegel was not reported to the police or security or removed from the restaurant, and the Defendants' employees, Spena and Ianone, violated Defendant Landry's Inc. and Vic & Anthony's Steakhouse's policies and protocol by not reporting and addressing this serious sexual assault related matter.

8. In the following months, Defendant Siegel also was able to return as a patron at Defendant Vic & Anthony's Steakhouse and Plaintiff was forced to have to seat him and interact with him. This caused sever emotional distress to Plaintiff on a repeated basis, wherein she also reported the same to another supervisor named Wilson who informed Plaintiff she should go in the back and take a few deep breaths and go home.

9. Plaintiff was then removed from the schedule and her hours were reduced drastically in the month of December of 2023, as Assistant Manager Sydnee Ianone would tell Plaintiff to stay home instead of coming into work. Plaintiff was scheduled to work a very busy night

of December 31, 2023, but again Assistant Manager Ianone removed Plaintiff from the schedule that night.

10. Plaintiff asked if she was going to be terminated would Assistant Manager Ianone please let her know, and Ianone stated in response that if Plaintiff had any questions, she should speak to General Manager Salvatore Spena.

11. Plaintiff then was forced to contact Human Resources on or around January 5, 2024, as Assistant Manager Ianone and General Manager Spena would not act upon her complaint of the sexual assault she was subjected to, continued to force Plaintiff to interact with Defendant Siegel, and further retaliated against Plaintiff for reporting Defendant Siegel's conduct by removing her from the schedule and drastically reducing her scheduled hours.

12. Plaintiff was finally scheduled to have a meeting on or around January 9, 2024, with Vice President of Operations Kevin Scull and General Manager Spena. In this meeting, Salvatore Spena denied that he was informed of Defendant Siegel's sexual assault related actions and Plaintiff reiterated that he made a "Hannibal Lecter" related comment to acknowledge the action. No further actions were taken as a result of this meeting to assist Plaintiff with the trauma she suffered from as a result of the Defendants', and each of them, actions and/or lack of action taken.

13. The conduct of Defendants Landry's Inc., Vic & Anthony's Steakhouse, Golden Nugget Atlantic City and their employees was continuous, severe, and pervasive and would cause any reasonable woman extreme annoyance and discomfort as to alter the conditions of her workplace, thereby constituting a hostile work environment, all in violation of the New Jersey Law Against Discrimination as it relates to sex, gender, sexual harassment, and gender discrimination.

3 | P a g e

14. The Defendants Landry's Inc., Vic & Anthony's Steakhouse, and Golden Nugget Atlantic City, despite knowledge of Defendant Siegel's conduct and Plaintiff's complaint of the same, violated the Defendants' policies prohibiting sexual harassment, failed to take any reasonable disciplinary or remedial action to stop the harassment or require any of their employees to undergo any remedial training, and refused to remove Defendant Siegel from Vic & Anthony's Steakhouse and/or Golden Nugget Atlantic City and allowed him to continue to come into contact with the Plaintiff.

15. Defendants Landry's Inc., Vic & Anthony's Steakhouse, and Golden Nugget Atlantic City's failure to take any reasonable action against Defendant Siegel despite Plaintiff's complaints and knowledge of the sexually related conduct and continuing conduct was deliberate, intentional and calculated to cause the Plaintiff harm, as to constitute a violation of The New Jersey Law Against Discrimination as it relates to sex, gender, and sexual orientation.

16. It is further alleged that the Defendants' failure to adequately enforce their policy prohibiting discrimination or harassment, and the failure to adequately investigate Plaintiff's complaints, was negligent, reckless and careless and in further violation of the New Jersey Law Against Discrimination as it relates to sex and gender.

17. The Defendants Landry's Inc., Vic & Anthony's Steakhouse, and Golden Nugget Atlantic City are vicariously liable for the actions of their employees, including the violations of New Jersey's Law Against Discrimination as agents, servants and employees under principals of respondeat superior, master servant and agency, and is directly liable to Plaintiff for a gross failure to enforce their policies and procedures concerning complaints for sexual harassment/assault.

18.   As a direct and proximate result of the actions of the Defendants set forth in this Complaint, the Plaintiff was wrongfully and unfairly treated, subjected to a hostile work environment with the Defendants Landry's Inc., Vic & Anthony's Steakhouse, and Golden Nugget Atlantic City, was sexually harassed and sexually assaulted, forced to reduce her working hours, caused to suffer extreme emotional distress and mental anguish, loss of past and future wages, and such other damages all to her detriment.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly, severally and in the alternative for damages, punitive damages, attorney's fees, costs of suit and such other relief as the court deems just and proper.

## SECOND COUNT

1.   Plaintiff hereby repeats and incorporates each and every allegation contained in the above Count, inclusive, as though herein set forth at length.

2.   The actions of the Defendant's set forth in the First Count were done in retaliation for the Plaintiff exercising her right to complain of sexual harassment, sexual assault, and discrimination in the workplace and violated the New Jersey law Against Discrimination.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly, severally and in the alternative for damages, punitive damages, attorney's fees, costs of suit and such other relief as the court deems just and proper.

## THIRD COUNT

1.   Plaintiff hereby repeats and incorporates each and every allegation contained in the above Counts, inclusive, as though herein set forth at length.

2.   On or around August 26, 2023, at Defendant Vic & Anthony's Steakhouse within the Defendant Golden Nugget Hotel & Casino Atlantic City, in Atlantic City, New Jersey,

Defendant David Siegel approached Plaintiff and groped Plaintiff's buttocks, and then further licked Plaintiff's arm with intent to place Plaintiff in apprehension of an offensive contact by Defendant Siegel and make an offensive contact with Plaintiff's person.

3. As a result of Defendant Siegel's sexual assault and offensive touching of Plaintiff's body, Plaintiff was in fact placed in great apprehension of an offensive sexual contact and was in fact subjected to sexual assault and battery by Defendant Siegel.

4. At all times mentioned, Plaintiff found the contacts made by Defendant Siegel with Plaintiff's body rude, harmful, and offensive and were not at any time consented to by Plaintiff.

5. As a direct and proximate result of the actions of the Defendant David Siegel set forth in this Complaint, the Plaintiff was wrongfully subjected to battery and assault, was sexually harassed and sexually assaulted, forced to reduce her working hours, caused to suffer extreme emotional distress and mental anguish, has suffered a loss of past and future wages, and has suffered such other damages all to her detriment.

WHEREFORE, Plaintiff demands judgment against the Defendant David Siegel, for damages, punitive damages, attorney's fees, costs of suit and such other relief as the court deems just and proper.

## FOURTH COUNT

1. Plaintiff hereby repeats and incorporates each and every allegation contained in the above Counts, inclusive, as though herein set forth at length.

2. At the aforesaid time and place, the Defendant, John Doe(s) 1-10 fictitious name(s) (hereinafter referred to as John Doe), were an unknown person or persons authorized to do

business in the State of New Jersey, whose actions caused and/or contributed, directly or indirectly, to damages suffered by the Plaintiff.

3. The Plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other individuals who may be responsible in whole or in part for damages suffered by Plaintiff. For the purpose of the within Complaint, said individuals have been nominated as John Doe 1-10. The Plaintiff, pursuant to the Rules of Court for the State of New Jersey, reserves the right to amend the within complaint relative to additional Defendants when and if the identity of said individuals or business entities becomes known.

4. WHEREFORE, Plaintiff demands Judgment against Defendants, John Does 1-10 for damages, punitive damages plus interest, attorney's fees, costs of suit and such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by a jury on all issues herein.

## DESIGNATION OF TRIAL COUNSEL

David Castellani, Esquire, is hereby designated as trial counsel in this matter.

## CERTIFICATION UNDER RULE 4:5-1

I, David Castellani, Esquire, by certifying, pursuant to New Jersey Court Rule 4:5-1, that to the best of my knowledge, the claims raised herein are not the subject of any other action pending in any Court of the subject of any arbitration proceeding, and no such other action or arbitration is contemplated.

8 | P a g e

I certify that the foregoing statements made by me are true and accurate to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for perjury.

Dated: 2\8\24

David Castellani, Esq.
Attorneys for Plaintiff